Per Curiam.
As the appellants submit no evidence, but rely solely on the findings of the referee, and the said findings affirmatively show:—
(1) that there is no proof that the plaintiff made to David McMaster, before he purchased her property in Virginia, any representation which she believed to be untrue;
(2) that there is no proof that the plaintiff made to David McMaster, before he purchased her property in • Virginia, any representations with the intent to defraud him;
(3) that there is no proof that any artifice was em-. ployed by the plaintiff before David McMaster agreed to buy the said land, to prevent inquiry by him concerning said land; and
(4) that there is no proof that David McMaster did, on account of his reliance upon any representations made by the plaintiff, forbear from inspecting the said land before he purchased the same ; the only grievance left to the appellants consists of a false statement as to the value of the land.
Such a statement has never yet been held to constitute a defense to an obligation arising out of a contract thus entered into, in a controversy between parties bearing no other relation to each other than such as arose from the contract, and as long as the controversy is between such parties it makes no difference that the false statement as to value may have induced, or did induce, the contract. So mere inadequacy of consideration of itself is never proof of fraud in such a case.
Judgment must be affirmed with costs.